**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
NOEL JUNIOR PIZARRO ORTIZ,

                        Plaintiff,

             -against-

COMMISSIONER OF SOCIAL SECURITY, et al.,

                    Defendants.
------------------------------------------------------------------X

**25-CV-10159 (MKV) (VF)**

**ORDER DIRECTING**
**PAYMENT OF FEES OR**
**AMENDED IFP**
**APPLICATION**

**VALERIE FIGUEREDO, United States Magistrate Judge:**

Plaintiff is represented by counsel but has requested to proceed in forma pauperis ("IFP"). To proceed with a civil action in this court, a plaintiff must either pay $405 in fees – a $350 filing fee plus a $55 administrative fee – or, to request authorization to proceed without prepayment of fees, submit a completed and signed IFP application. *See* 28 U.S.C. §§ 1914, 1915.

Plaintiff submitted an IFP application (ECF No. 3), but his responses do not establish that he is unable to pay the fees to bring this action. Plaintiff responded "N/A" to whether he is employed. Id. at 1. Plaintiff indicates that he has not received any income from a business, profession, self-employment, rent payments, interest, or dividends. Id. Plaintiff stated that he does receive income from other sources, including his wife's $4,000 monthly income as a "nail tech." Id. Plaintiff states that he has no money in a checking or savings account, has credit card debt, and has monthly expenses totaling $3,380. Id. at 2. Despite this, Plaintiff states that he "[p]aid in full[,] no loan" for a 2025 Dodge Durango with a value of $60,000. Id. Plaintiff's ability to pay in full for a new car conflicts with his stated inability to pay for the cost of this proceeding. Given the purchase of a new car, it is unclear whether Plaintiff has sufficient funds

to pay the filing fees for this action. The Court is therefore unable to rule on Plaintiff's IFP application.

Accordingly, by **February 24, 2026**, Plaintiff must either pay the $405 in fees or complete an amended IFP application explaining the nature of the funds for the Dodge Durango. If the Court grants the amended IFP application, Plaintiff will be permitted to proceed without prepayment of fees. *See* § 1915(a)(1).

To address Defendant's letter at ECF No. 8, the deadline to file the Electronic Certified Administrative Record will not run until a ruling is made on Plaintiff's IFP application and the Electronic Notice of Service is issued.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

**SO ORDERED.**

DATED:      New York, New York
            January 27, 2026

VALERIE FIGUEREDO
United States Magistrate Judge

2